UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSICA HOPPLE,

       Plaintiff,

   v.

CAPITAL LINK MANAGEMENT, LLC,

       Defendant.

**DECISION AND ORDER**

21-CV-805S

      Presently before this Court is Plaintiff Jessica Hopple's motion for an award of attorneys' fees and costs from Defendant Capital Link Management, LLC, after the entry of an order of default judgment against Capital Link.  For the following reasons, Plaintiff's motion will be granted, and she will be awarded $9,455 in attorneys' fees and $487 in costs, together with $1,000 in statutory damages that this Court previously found warranted.  (Docket No. 43.)

      On July 14, 2021, Plaintiff filed a complaint against Defendant alleging that it repeatedly violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., in the course of attempting to collect her consumer debt.  After a period of discovery, a failed settlement effort, and Defendant's ultimate decision to stop defending the case, this Court entered default judgment in Plaintiff's favor on March 7, 2023. (Docket No. 43.)  In particular, this Court awarded Plaintiff $1,000 in statutory damages, pursuant to 15 U.S.C. § 1692k (a)(2)(A), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k (a)(3), subject to submission of an appropriate fee request. Id.  Plaintiff filed her fee request on April 3, 2023.  (Docket No. 44.)

      The FDCPA provides for the recovery of reasonable attorneys' fees and costs by

1

successful litigants.  See 15 U.S.C. § 1692k (a)(3).  In determining a reasonable fee, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate."  Eades v. Kennedy, PC Law Offs., 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  A court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant carries the burden of establishing the reasonableness of both.  Hensley, 461 U.S. 424 at 433; Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

In determining the reasonable number of hours that a case requires, a court "should exclude from [its] initial fee calculation hours that were not reasonably expended due to reasons such as overstaffing, unnecessarily contentious conduct, and unsuccessful claims."  Savino v. Comput. Credit, 71 F. Supp. 2d 173, 175 (E.D.N.Y. 1999).

In considering the reasonableness of the rate sought, a court may consider the "complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation."  Eades, 343 F. Supp. 3d at 107 (citing Arbor Hill, 522 F.3d at 190).

Along with attorneys' fees, the FDCPA explicitly permits prevailing parties to recover their costs.  See 15 U.S.C. § 1692k (a)(3) (counsel for a prevailing party in an FDCPA action is entitled to "the costs of the action, together with a reasonable attorney's fees as determined by the court.").  See also Stanczyk v. City of New York, 752 F.3d 273,

280 (2d Cir. 2014) ("Under normal circumstances, a plaintiff who prevails on a 42 U.S.C. § 1983 claim is entitled to recover costs, including reasonable attorney's fees."); Nicaisse v. Stephens & Michaels Assocs., Inc., No. CV 14-1570 (JS)(GRB), 2016 WL 4367222, at *2 (E.D.N.Y. June 9, 2016), report and recommendation adopted, No. 14-CV-1570(JS)(GRB), 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016).

Plaintiff's attorneys request a $300 hourly rate, which is a reasonable rate for FDCPA work in this district. See, e.g., Faulkner v. Eastpoint Recovery Grp., Inc., No. 19-CV-1262S, 2020 WL 7711278, at *2–3 (W.D.N.Y. Dec. 29, 2020) (finding $300 per hour to be a reasonable rate for experienced FDCPA attorney); Welch v. PDL Recovery Grp., LLC, No. 15-CV-512, 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) (same); Eades, 343 F. Supp. 3d at 108 (finding a reasonable average rate for partners who worked on a "not unusually complex" FDCPA case to be $300 per hour); Godson v. Eltman, Eltman & Cooper, P.C., 11-CV-764W, 2018 WL 5263071, at *16 (W.D.N.Y. 2018) (noting that reasonable hourly rate for attorneys' fees in FDCPA cases ranges from about $200 to $300 per hour in the Western District of New York). The requested $100 hourly rate for paralegal work, however, is twice what is ordinarily deemed reasonable in this district. See Munoz v. Coastal Cap. Processing, Inc., 1:19-CV-1312S, 2022 WL 17068004, at *4 (W.D.N.Y. Nov. 17, 2022) (finding $50 per hour for paralegal work reasonable); Flores v. RMA Recovery Grp. LLP, 17-CV-402V, 2021 WL 1572508, at *6 (W.D.N.Y. Apr. 22, 2021) (same); Miller v. Hartfield Portfolio Grp., LLC, 14-CV-1060V, 2019 WL 4929832, at *4 (W.D.N.Y. Oct. 7, 2019) (same).   It will therefore be reduced to $50 per hour.

Plaintiff seeks recovery for 30.8 hours of attorney time and 4.3 hours of paralegal time. (See Declaration of Sergei Lemberg, Docket No. 44-2, ¶ 20.)  This Court finds these

time expenditures reasonable under the circumstances of this case.

Finally, Plaintiff seeks $487 in costs, which this Court deems reasonable. (See id. ¶ 24.)

Based on the findings above, Plaintiff is granted $9,240 in attorneys' fees, $215 in paralegal fees, and $487 in costs, together with $1,000 in statutory damages.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney Fees and Costs (Docket No. 44) is GRANTED.

FURTHER, that the Clerk of Court is HEREBY DIRECTED to enter judgment against Defendant as follows:

> IT IS ORDERED AND ADJUDGED: that judgment is entered in Plaintiff's favor against Defendant in the amount of $1,000 in statutory damages and $9,942 in attorneys' fees and costs, for a total judgment of $10,942.

SO ORDERED.

Dated:     December 21, 2023
           Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge